IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 17 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ARCHIE WATSON AND CYNTHIA WATSON, § § § Plaintiffs, § § v. § § ALLSTATE TEXAS LLOYD'S § INSURANCE COMPANY, § § Defendant. § | CIVIL ACTION NO. H-03-5805 |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand [Doc. # 7]. Defendant has Responded [Doc. # 8], Plaintiffs have replied [Doc. # 10], and Defendant has filed a sur-reply [Doc. # 11]. The matter is ripe for decision. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes Plaintiffs' motion should be **denied.**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this suit in the 11th Judicial District of Harris County, Texas on October 31, 2003 as cause number 2003-61001.[1] Plaintiff served Defendant on December

---

1   See Plaintiffs' Original Petition, Exhibit A to Defendant's Notice of Removal [Doc. # 1].



5, 2003.[2] Defendant timely removed the case to federal court on December 23, 2003 on the ground of complete diversity. Plaintiffs now move to remand this case to state court, arguing that the citizenship of the underwriters of Defendant Allstate Texas Lloyd's at the time Defendant issued the insurance policy and at the time Plaintiffs' alleged loss first arose, as opposed to their domicile at the time suit was filed, determines whether complete diversity exists in this case. The Court addresses each of these arguments in turn.

## II.   DISCUSSION

### A.   Diversity Jurisdiction and Unincorporated Associations

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank*, 128 F.3d at 922; *Manguno*, 276 F.3d at 723. "The existence of federal jurisdiction ordinarily depends on the

---

2   *See* Certificate of Service, Attached to Plaintiffs' Original Petition, Exhibit A to Defendant's Notice of Removal.

facts as they exist when the complaint is filed." *Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 170 (5th Cir. 2002).[3]

The citizenship of unincorporated associations is determined solely by the citizenship of its members. *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 196-97 (1990); *International Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997); *see Atlas Global Group*, 312 F.3d at 170 ("for purposes of determining diversity jurisdiction, a partnership is a citizen of each jurisdiction in which its individual partners are citizens"). "An unincorporated association, such as State Farm Lloyd's, 'is not a jural person for purposes of diversity jurisdiction, even when it has the capacity to sue or be sued in the association name.'" *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) (Kent, J.) (quoting *Calagaz v. Calhoun*, 309 F.2d 248, 251-52 (5th Cir. 1962)).

### B. Analysis

At the date this complaint was filed in a Texas court, all the members of Allstate Texas Lloyd's were domiciled in Illinois.[4] Three of the underwriters of Allstate Texas Lloyd's were citizens of Texas before January 25, 2002.[5] On January 25, 2002, all three of

---

3     There are exceptions to this general rule, but none are applicable here.

4     *See* Exhibit A to Defendant's Response, Amended Articles of Agreement of Underwriters at Allstate Texas Lloyd's; Exhibit B to Defendant's Response, Affidavit of Ingrid Bohlender ("Bohlender Affidavit") ("My review of the relevant business records of Allstate Texas Lloyd's Company reveals that all of the underwriters for Allstate Texas Lloyd's Company are citizens of the State of Illinois, and have been citizens of the State of Illinois continuously from January 25, 2002.").

5     Bohlender Affidavit, ¶ 5.

the Texas resident underwriters were removed and replaced by three new underwriters, all of whom are citizens of Illinois.[6]

Plaintiffs argue that the citizenship of the underwriters at the time the insurance policy was issued and the time the loss occurred control this diversity question in this case. Plaintiffs cite no authority in support of this argument.[7] It is well-settled that the circumstances existing at the time the complaint is filed control the diversity determination. *Atlas Global Group*, 312 F.3d at 170. At the time this complaint was filed, the underwriters of Allstate Texas Lloyd's were domiciled in Illinois.[8] Complete diversity therefore exists, and this case was properly removed.[9]

---

6     *Id.*

7     Plaintiffs take issue with the ability of an unincorporated association such as Allstate Texas Lloyd's to change its members and still remain in existence. *See* Plaintiffs' Reply, at 2-3. It is unnecessary for the Court to delve into this question of the law of unincorporated associations. At best, this issue relates to the merits of Plaintiff's claims against the party before the Court or the collectability of a judgment Plaintiff might obtain. For purposes of the pending remand motion, it is sufficient that, at the time this complaint was filed, Allstate Texas Lloyd's was an unincorporated association with its underwriters domiciled in Illinois.

8     The Court rejects Plaintiffs' argument that discovery into the citizenship of the underwriters is necessary before the Court can rule on the motion to remand. The evidence attached to Defendant's Response is sufficient to resolve the question of the citizenship of the underwriters for present purposes. If discovery later reveals facts that demonstrate a lack of diversity, the Court will take the appropriate steps at that time.

9     The Court also notes that over two hundred cases involving Allstate Texas Lloyd's have been filed in or removed to this district since 2002, and the Court's search has revealed no case that was dismissed or remanded on this ground.

## III.  CONCLUSION AND ORDER

Complete diversity exists in this case, and the suit was properly removed. It is hereby

**ORDERED** that Plaintiffs' motion to remand [Doc. # 7] is **DENIED.**

SIGNED at Houston, Texas, this ___16th___ day of March 2004.

                                             NANCY F. ATLAS
                                     UNITED STATES DISTRICT JUDGE